United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60609
Summary Calender

_____

GEORGE W. HAWKINS, Jr.

Plaintiff-Appellant,

versus

JOHN E. POTTER, IN HIS OFFICIAL CAPACITY AS POSTMASTER GENERAL OF
THE UNITED STATES,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Southern District of Mississippi
1:03-cv-00690-LG-RHW

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

George W. Hawkins appeals the district court's dismissal of
his discrimination complaint under Federal Rules of Civil Procedure
4(i). For the first time on appeal, Hawkins asserts several
arguments excusing his failure to timely satisfy requirements for
service and for his failure to provide proof of service. He
requests additional time to cure his defective service per Fed. R.

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

Civ. Proc. 4(m) and 4(i)(3).

We review a district court's dismissal for failure to effect timely service of process under an abuse of discretion standard. Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 445 (5th Cir. 1996). This Court has noted that "the district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." George v. U.S. Dept. of Labor, Occupational Safety & Health Admin., 788 F.2d 1115, 1116 (5th Cir. 1986)(per curiam). See also Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994). For effectuating service upon an officer or employee of the United States sued only in an official capacity, Fed. R. of Civ. Proc. 4(i)requires service on that officer or employee, the United States attorney or assistant U.S. attorney for the district in which the action is brought, and the Attorney General of the United States in Washington D.C. These requirements are generally strictly required. See, e.g., McMasters v. U.S., 260 F.3d 814, 817 – 818 (7th Cir. 2001).

Hawkins failed to serve the officer and Attorney General after he was notified of his defective service by both the defendant's answer and his motion to dismiss.[1] Hawkins also failed to offer any evidence that he served the Attorney General or the officer in

---

[1] There is no legal requirement that a district court notify the party regarding an insufficiency of service before deciding a reasonable time to cure has past. C.f. Systems Signs, 903 F.2d at 1013 (finding that notice from other party was sufficient).

the suit. The serving party carries the burden of proof. <u>Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.</u>, 903 F.2d 1011, 1013 (5th Cir. 1990).

The district judge allowed more than 120 days for Hawkins to cure his defective service after both the answer and motion to dismiss. Compare Appellee's Brief at 17 n. 2 with Fed. R. Civ. Proc. 4(m). Hawkins did not provide any arguments suggesting good cause for his defective service to the district court below.[2] While the district court has discretion to extend the time allowed for curing defective service if good is not shown, the court can also refuse to exercise this discretion. <u>Thompson v. Brown</u>, 91 F.3d 20, 21 – 22 (5th Cir. 1996). We find no basis to suggest that the district court's refusal to grant extra time here, in addition to the significant time already allowed, was an abuse of its discretion.

Hawkins' "good cause" arguments are also raised for the first time on appeal, and should not be considered at this time. <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999). Even if a showing of good cause had been properly raised and accepted below, the district court allowed a more than appropriate time period past the 120 days after the filing of the complaint as provided for by Fed. R. Civ. Proc. 4(m) for curing

---

[2] The mere fact that a dismissal will effectively bar suit due to the running of the statute of limitations does not constitute "good cause" per se. <u>See</u> <u>Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298, 1306 n. 7 (3rd Cir. 1995).

3

defective service.  See Appellee's Brief at 17 n. 2.

We therefore AFFIRM the district court's ruling.