07-0542-cv
Kurzberg v. Ashcroft

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: November 17, 2009          Decided: August 30, 2010)

Docket No. 07-0542-cv

--------------------------------------

SILVAN KURZBERG, PAUL KURZBERG, YARON SHMUEL, OMER GAVRIEL MARMARI, ODED OZ ELNER,

Plaintiffs-Appellants,

- v. -

JOHN ASHCROFT, FORMER ATTORNEY GENERAL OF THE UNITED STATES, JAMES W. ZIGLAR, FORMER COMMISSIONER OF THE IMMIGRATION AND NATURALIZATION SERVICE, MICHAEL ZENK, FORMER WARDEN OF THE METROPOLITAN DETENTION CENTER, DENNIS HASTY, FORMER WARDEN OF THE METROPOLITAN DETENTION CENTER, JORDAN, BELIEVED TO BE AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS, WHOSE TRUE FIRST NAME AND LAST NAME ARE UNKNOWN TO THE PLAINTIFFS, WHO BELIEVE THEY HEARD HIM CALLED JORDAN, MARIO MACHADO, WILLIAM BECK, RICHARD DIAZ, SALVATORE LOPRESTI, STEVEN BARRERE, MICHAEL DEFRANCISCO AND CHRISTOPHER WITSCHEL, BELIEVED TO BE EMPLOYEES OF THE FEDERAL BUREAU OF PRISONS, C. SHACKS, MOSCHELLO, NORMAN, HOSAIN, MOUNBO, M. ROBINSON AND TORRES, FIRST NAMES UNKNOWN, BELIEVED TO BE EMPLOYEES OF THE FEDERAL BUREAU OF PRISONS, RAYMOND COTTON, COUNSELOR BELIEVED TO BE AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS, KEVIN LOPEZ,

Defendants-Cross-Defendants-Appellees,

F. JOHNSON, FIRST NAME UNKNOWN, BELIEVED TO BE AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS,

Defendant-Cross-Claimant-Cross-Defendant-Appellee,

BIRAR, BUCK, T. CUSH, GUSS, D. ORTIZ, J., PEREZ, LIEUTENANTS, FIRST NAMES UNKNOWN, BELIEVED TO BE EMPLOYEES OF THE FEDERAL BUREAU OF PRISONS, JOHN DOES 1-30, METROPOLITAN DETENTION CENTER CORRECTIONS OFFICERS, "JOHN DOE" BEING FICTIONAL FIRST AND LAST NAMES, INTENDED TO BE THE CORRECTIONS OFFICERS AT THE METROPOLITAN DETENTION CENTER WHO ABUSED THE PLAINTIFFS AND

VIOLATED THEIR RIGHTS, JOHN ROES 1-30, FEDERAL BUREAU OF IMMIGRATION AND NATURALIZATION SERVICE AGENTS, "JOHN ROE" BEING FICTIONAL FIRST AND LAST NAMES, INTENDED TO BE THE CORRECTIONS OFFICERS AT THE METROPOLITAN DETENTION CENTER WHO ABUSED THE PLAINTIFFS AND VIOLATED THEIR RIGHTS,

Defendants,

DR. LORENZO, FIRST NAME UNKNOWN, BELIEVED TO BE AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS, J. MIELES AND JON OSTEEN,

Defendants-Cross-Defendants,

LINDA THOMAS, FORMER ASSOCIATE WARD OF PROGRAMS OF THE METROPOLITAN DETENTION CENTER, ROBERT MUELLER, DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION, KEVIN LOPEZ, BELIEVED TO BE AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISONS, KATHLEEN HAWK, FORMER DIRECTOR OF THE FEDERAL BUREAU OF PRISONS,

Cross-Defendants.[1]

---------------------------------------

Before:    SACK and WESLEY, Circuit Judges, and KEENAN, District Judge.[2]

Appeal from the dismissal of a Bivens action on the ground that the plaintiffs failed to serve process on the United States through service on the Attorney General of the United

---

[1] The Clerk of the Court is directed to amend the caption as set forth above.  We do not substitute any of the government-official defendants in favor of their successors under Federal Rule of Appellate Procedure 43(c)(2), because we understand each of the defendants in this Bivens action to be sued in his or her individual capacity, see, e.g., Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities."), although the plaintiffs have specified as much only for some, not all, of the defendants, see Am. Compl. ¶¶ 17-59.  "[A]ny misnomer [in the caption] that does not affect the substantial rights of the parties may be disregarded."  Fed. R. App. P. 43(c)(2).

[2] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

States by registered or certified mail, as they were required to do under Federal Rule of Civil Procedure 4(i).  We conclude that the district court's obligation to allow the plaintiffs a reasonable time to cure a service failure was satisfied here inasmuch as the defendants informed the plaintiffs of the failure of service, and the plaintiffs had sufficient time thereafter to cure it.  We also conclude that the defendants did not waive the requirement of service on the United States by failing to raise an improper-service defense by motion or in their pleadings.

Affirmed.

ROBERT JOSEPH TOLCHIN, Jaroslawicz & Jaros, LLC, New York, NY, for Plaintiffs-Appellants.

DENNIS C. BARGHAAN, JR., Assistant United States Attorney, for Chuck Rosenberg, United States Attorney, and Gregory G. Katsas, Acting Assistant Attorney General, New York, NY, for Defendant-Cross-Defendant-Appellee John Ashcroft and Cross-Defendant Robert Mueller.

DAVID E. BELL, Crowell & Moring LLP, Washington, DC, for Defendant-Cross-Defendant-Appellee Dennis Hasty.

Linda Cronin, Dominick Revellino, and Rocco G. Avallone, Cronin & Byczek, LLP, Lake Success, NY, for Defendant-Cross-Defendnat-Appellee Elizabeth Torres.

Robert Goldman, Esq., New York, NY, for Defendant-Cross-Defendant-Appellee William Beck.

Jerold Wolin, Wolin & Wolin Esqs., Jericho, NY, for Defendant-Cross-Defendant-Appellees Sidney Chase, Michael DeFrancisco, Richard Diaz, and

3

Mario Machado.

Yvonne Shivers, Levitt & Kaizer, Attorneys at Law, New York, NY, for Defendant-Cross-Defendant-Appellee Raymond Cotton.

James G. Ryan, Elizabeth Iovino, and Jennifer A. McLaughlin, Cullen and Dykman LLP, Garden City, NY, for Defendant-Cross-Defendant-Appellee Steven Barrere.

Keith M. Sullivan, Sullivan & Galleshaw, LLP, Middle Village, NY, for Defendant-Cross-Defendant-Appellee Kevin Lopez.

Barry M. Lasky and Scott L. Steinberg, Lasky & Steinberg, P.C., Garden City, NY, for Defendant-Cross-Defendant-Appellee C. Shacks.

James F. Matthews, Matthews & Matthews, Huntington, NY, for Defendant-Cross-Defendant-Appellee Marcial Mundo, III ("Mounbo").

James J. Keefe, James J. Keefe, P.C., Garden City, NY, for Defendant-Cross-Defendant-Appellee Salvatore LoPresti.

Gary E. Ireland, Law Offices of Gary E. Ireland, Esq., New York, NY, for Defendants-Cross-Defendants-Appellees Christopher Witschel, Hosain, Moschello, Norman, and for Defendant-Cross-Claimant-Cross-Defendant-Appellee F. Jonnson.

SACK, Circuit Judge:

This is an appeal from the dismissal for failure to serve process on the United States of an action brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiffs, five Israeli nationals who were illegally present in the United States on

4

September 11, 2001, brought the underlying action in connection with certain alleged particulars of their arrest on that day and confinement thereafter at the Metropolitan Detention Center in Brooklyn. They have since been removed from the United States by the Immigration and Naturalization Service. The defendants are then-current and then-former officers of the federal government, including former United States Attorney General John Ashcroft, each of whom is sued in his or her individual capacity for actions taken in connection with his or her employment.[3]

Pursuant to Federal Rule of Civil Procedure 4(i), in order to bring a <u>Bivens</u> action against these defendants, the plaintiffs were required to serve process on both the individual defendants and -- because the individual defendants were sued for acts or omissions occurring in connection with their performance of their duties -- the United States. In order to serve process on the United States, the plaintiffs were required to deliver a copy of the complaint to the United States attorney for the district in which the action was brought and also send a copy of the summons and complaint by registered or certified mail to the Attorney General. Here, the plaintiffs failed to comply with Rule 4(i) because they did not effect service on the United States. The plaintiffs failed to do so despite receiving

[3] The parties dispute whether the United States is also a party to this action. <u>See</u> Appellants' Br. 8; Ashcroft Br. 3-4 n.3. The plaintiffs did not name the United States as a defendant in their Amended Complaint. For purposes of this appeal, we assume that the United States is not a separate party. That question has no bearing on the resolution of this appeal.

repeated reminders from the defendants that left the plaintiffs with sufficient time to complete service.

Several, but not all, of the defendants, including then-Attorney General Ashcroft, moved to dismiss the action for improper service of process. The United States District Court for the Eastern District of New York (John Gleeson, Judge) granted the motion and dismissed the action in its entirety. The court rejected the plaintiffs' argument that the Attorney General's waiver of personal service on himself obviated the requirement of service of process on the United States. The court also determined that the plaintiffs had been afforded a reasonable time to cure their failure to serve, as is required by Rule 4(i). Upon a motion for reconsideration by the plaintiffs, the court rejected the argument that the action should not have been dismissed against those defendants who had failed to raise an improper service of process defense by motion or pleading. The court concluded that because these defendants did not have the power to waive the requirement of service on the United States, they did not in fact do so.

We agree with the district court for substantially the reasons stated in its rulings, and therefore affirm. We write primarily to make clear, first, that a district court's obligation to allow a plaintiff reasonable time to cure a failure to effect service of process is satisfied if the service failure is called to the plaintiff's attention by the defendant rather

6

than the court, provided that the plaintiff has sufficient time thereafter to complete such service; and second, that an individual defendant in a <u>Bivens</u> action lacks the power to waive the requirement of service of process on the United States.

**BACKGROUND**

The plaintiffs filed an Amended Complaint on September 21, 2004, asserting a <u>Bivens</u> action against the defendants, then-current and then-former officers of the United States government, including then-Attorney General John Ashcroft.[4]  At the conclusion of the 120-day period for service of process provided by Federal Rule of Civil Procedure 4(m), they sought a 60-day extension of time in which to serve all of the defendants.  The district court granted the motion.  Ashcroft, through counsel, then wrote a letter to the plaintiffs' counsel waiving personal service insofar as suit was being brought against him in his individual capacity:

> As you are aware . . . this office [the United States Attorney's Office for the Eastern District of Virginia] is responsible for the representation of Attorney General John Ashcroft, in his individual capacity.  I am in receipt of the waiver of service form that you have sent to me, and the instant correspondence concerns the same.

---

[4] In addition to damages, the Amended Complaint sought injunctive relief that would not be available in a <u>Bivens</u> action. <u>See, e.g.</u>, <u>Higazy</u>, 505 F.3d at 169 (<u>supra</u>, note 1).  However, in their papers submitted to this Court the plaintiffs only seek damages, and refer to their lawsuit as a <u>Bivens</u> action. **[Blue 3]** Moreover, the district court treated the lawsuit as a <u>Bivens</u> action against the defendants in their individual capacities.  We therefore treat the underlying lawsuit as a <u>Bivens</u> action.

7

> My client has authorized me to accept your offer, and thus not require a process server to effectuate personal service upon him. As I am sure you understand, my client's decision in this regard in no way should be construed as waiving any cognizable defenses.

Letter of Assistant U.S. Attorney Dennis C. Barghaan, Jr. dated Feb. 2, 2005.

After the 60-day extension period expired, Ashcroft, through Barghaan, requested permission from the district court to move to dismiss the case on the ground, inter alia, that the plaintiffs had failed to effect proper service. He argued that the plaintiffs had failed to comply with then-Federal Rule of Civil Procedure 4(i)(2)(B) because they had not served process on the United States through service upon Ashcroft by registered or certified mail and service upon the relevant United States Attorney's Office.

In his written statement to the district court on Ashcroft's behalf, which was copied to plaintiffs' counsel, Barghaan set forth in precise terms what the plaintiffs were required to do: "Pursuant to Federal Rule 4(i)(2)(B), service upon an officer of the United States sued in his individual capacity requires (1) personal service upon the officer; (2) delivering a copy of the summons and complaint to the United State's Attorney's Office for the district in which the action is pending; and (3) sending a copy of the same to the Attorney General via registered or certified mail." Letter of Assistant U.S. Attorney Dennis C. Barghaan, Jr. to The Honorable John

Gleeson dated March 25, 2005 (internal quotation marks omitted).[5] Barghaan explained that although his February 2, 2005 letter had waived service "upon _him_," _id._ (emphasis in original), referring to Ashcroft, it had not purported to waive service upon the United States, _id._[6] One week later, the plaintiffs requested, _nunc pro tunc_, a second extension of time to serve process on the

---

[5] The rule as then in effect provided:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States -- whether or not the officer or employee is sued also in an official capacity -- is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(B) (pre-2007 amendment).

The "manner prescribed by Rule 4(i)(1)" for serving the United States was, in relevant part, as follows:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . .

Fed. R. Civ. P. 4(i)(1) (pre-2007 amendment).

[6] The February 2, 2005 letter from Ashcroft's counsel to plaintiffs' counsel waiving personal service specifically referred to personal service _by a process server_; it did not purport to waive any required service by registered or certified mail.

defendants.  The case was then referred to Magistrate Judge Steven Gold in the Eastern District of New York.  The magistrate judge scheduled a status conference and directed the parties to identify "any outstanding issues to be addressed."  Kurzberg v. Ashcroft, No. 04 Civ. 3950, Order, Docket No. 17 (E.D.N.Y. Apr. 20, 2005).

In response, Ashcroft, together with three other defendants, submitted a letter to the magistrate judge, copied to plaintiffs' counsel via electronic filing, calling attention once again to the issue of service of process on the United States.  The letter asserted that the "plaintiffs have not effectuated proper service upon any of [the defendant signatories]" because, inter alia, "Mr. Ashcroft has only waived personal service upon him," and "[s]ervice upon a federal officer sued in his individual capacity . . . [requires] service upon the Attorney General."  Letter of Assistant U.S. Attorney Dennis C. Barghaan, Jr. to The Honorable Steven M. Gold dated April 29, 2005.  At the status conference, the plaintiffs made an oral motion for additional time to accomplish service of process, which the magistrate judge denied without prejudice to the filing of a formal motion to the same effect.

The plaintiffs subsequently made a formal motion, under Federal Rule of Civil Procedure 4(i)(3)(A), as then in force, seeking a "reasonable time . . . to cure the failure to serve any defendant who has not been served with process in this action," or a second extension of time under Federal Rule 4(m) to effect

10

proper service. Pls.' Declaration in Support of Mot. to Enlarge Time to Serve Summons and Complaint, dated May 12, 2005, at 3. In making their motion, the plaintiffs argued that "[t]here is no question that the Attorney General . . . has been served." Pls.' Mem. of Law in Support of Mot. to Enlarge Time to Serve Summons and Complaint, dated May 12, 2005, at 2. In response, Ashcroft stated yet again that the plaintiffs' failure to serve the United States was fatal to their claims:

> Plaintiffs cannot argue that effecting service upon the Attorney General personally (through a waiver of service form to his individual capacity counsel in Alexandria, Virginia) is sufficient to effectuate service on the Attorney General officially. This Court has held that this third and final element of individual capacity must be fulfilled regardless of whether the Attorney General has been provided with notice of the summons and complaint in some other fashion.

Ashcroft's Mem. in Opp. to Pls.' Motion to Enlarge Time to Serve Summons and Complaint, dated May 26, 2005, at 5 n.4 (emphasis in original). Ashcroft specifically asserted that the plaintiffs "have yet . . . to [direct] a copy of the summons and complaint to the Attorney General via certified or registered mail in the District of Columbia." Id. at 8 (emphasis in original).

The magistrate judge denied the plaintiffs' motion under Rule 4(i)(3)(A), as then in force, for a reasonable time to cure, but granted their motion in the alternative under Rule 4(m) for a discretionary extension of time to accomplish service of process. See Kurzberg v. Ashcroft, No. 04 Civ. 3950, Memorandum and Order, Docket No. 58 (E.D.N.Y. Dec. 19, 2005). In denying

11

the plaintiffs' request for a reasonable time to cure under then-Rule 4(i)(3)(A), the court concluded that the cure provision only applied to actions governed by then-Rule 4(i)(2)(A). He reasoned that Rule 4(i)(2)(A) did not govern the plaintiffs' Bivens action because it only governed actions against government officials who were sued in their official, rather than individual, capacities. He was of the view that "service of process on defendants in a Bivens action is governed by Rule 4(e)," id. at 3-4, the generic provision for serving process on individual defendants, which does not require service on the United States, see id..

In explaining his decision to grant a discretionary extension of time under Rule 4(m), the magistrate judge referred to, inter alia, the fact that the statute of limitations would preclude the plaintiffs from re-filing their lawsuit should it be dismissed. See id. at 6-7. He ruled, however, that "this will be the final extension of time plaintiffs will be granted by this court." Id. at 7. The decision gave no indication that the plaintiffs' failure to serve process on the United States was a defect -- and indeed, its conclusion that service of process was governed by Rule 4(e) implied to the contrary.

The time period for completion of service extended under Rule 4(m) elapsed without the plaintiffs serving process on the United States through service on the Attorney General by registered or certified mail. They did, however, attempt to serve the United States three days before the time period expired by sending a copy of the summons and complaint by first-class

12

mail to the mailing address for the Attorney General at the Department of Justice; the attempt was insufficient because it did not make use of registered or certified mail.

After the time period granted by the court had expired, several of the defendants, including Ashcroft, moved in the district court to dismiss the action on grounds of improper service of process, including failure to serve the United States through service on the Attorney General by registered or certified mail. The district court (John Gleeson, Judge) dismissed the case with respect to all of the defendants, including those who had not raised an improper service defense by pleading or motion. See Kurzberg v. Ashcroft, No. 04 Civ. 3950, 2006 WL 2738991, 2006 U.S. Dist. LEXIS 68680 (E.D.N.Y. Sept. 25, 2006) ("Kurzberg I"). The court rejected the plaintiffs' argument that personal service on the Attorney General, which had, they asserted, been accomplished by Ashcroft's waiver, obviated the need to serve process on the United States because the Attorney General was already aware of the lawsuit. The court explained that the drafters of Rule 4(i) had been careful to "keep separate officers' individual and official capacities." Id., 2006 WL 2738991, at *5, 2006 U.S. Dist. LEXIS 68680, at *16. "Rule 4(i), by its plain text, requires service both upon the individual defendant and upon the United States officially; one will not suffice for the other." Id.

The district court also rejected the plaintiffs' argument that they were entitled to a reasonable time to cure

13

their failure to serve process on the United States. The district court acknowledged that it was bound, under Rule 4(i), to "'allow a reasonable time to serve process . . . for the purpose of curing the failure to serve . . . the United States . . . if the plaintiff has served an officer or employee of the United States sued in an individual capacity,'" id., 2006 WL 2738991, at *6, 2006 U.S. Dist. LEXIS 68680, at *17-18 (quoting Rule 4(i)(3)(B)), which the plaintiffs had accomplished by serving Ashcroft in his individual capacity by means of his waiver. The court concluded, however, that the plaintiffs had already been afforded a reasonable time to cure their failure to serve process on the United States. It reasoned that the plaintiffs had been given two extensions of time to effectuate proper service of process, one of which was preceded by "repeated statements of defendants' counsel" explicitly underlining the plaintiffs' failure to serve the United States and the steps they had to take in order to effect proper service. Id., 2006 WL 2738991, at *6, 2006 U.S. Dist. LEXIS 68680, at *20. The court did not mention the implication contained in the magistrate judge's earlier decision that service of process on the United States was not necessary, nor do the plaintiffs appear to have argued to the district court that they relied on that implication. The district court's dismissal of the case was effectively with prejudice inasmuch as the statute of limitations on the Bivens claim had run.

14

The plaintiffs sought partial reconsideration of the court's ruling, arguing that because several of the defendants had not raised a service of process defense by motion or pleading, such a defense had been waived, and dismissal of the case against those defendants was improper.  The court, rejecting that argument, denied the motion.  See Kurzberg v. Ashcroft, No. 04 Civ. 3950, 2006 WL 3717535, 2006 U.S. Dist. LEXIS 90900 (Dec. 15, 2006) ("Kurzberg II").  The court noted that it was empowered under Rule 4(m) to dismiss an action "upon motion or on its own initiative" for failure to serve process, id., 2006 WL 3717535, at *1, 2006 U.S. Dist. LEXIS 90900, at *4 (internal quotation marks omitted; emphasis in original), and concluded that the requirement of service upon the United States could not be waived by individual defendants in a Bivens action, even though it was in the context of serving such defendants, among others, that service upon the United States was required, id., 2006 WL 3717535, at *3-4, 2006 U.S. Dist. LEXIS 90900, at *11-12.  The court reasoned that the United States had an independent interest in being served with process.  "In this atypical case, when service must be made upon a nonparty [the United States] to allow that nonparty to protect its interests, a named defendant's failure to challenge service of process falls outside the domain of [waiver under Federal Rule of Civil Procedure] 12(h)(1)(B)."  Id., 2006 WL 3717535, at *4, 2006 U.S. Dist. LEXIS 68680, at *11-12.

On appeal the plaintiffs argue that they were never given a reasonable time to cure their failure to serve process on the United States because the court did not, before dismissing the action, make a finding of fact that they had failed to serve the United States. The plaintiffs also contend that dismissal of the action against those defendants who failed to raise a service of process defense by motion or pleading was improper because the defense was thereby waived. The plaintiffs do not raise the issue whether the magistrate judge's opinion implied that service on the United States was not required or what the significance of any such implication might be.

**DISCUSSION**

I.   Standard of Review

"We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process." Zapata v. City of New York, 502 F.3d 192, 195 (2d Cir. 2007).[7]

---

[7] The plaintiffs argue that the standard of review is de novo because Rule 4(i) was amended after the district court's rulings in this case, and therefore this Court's application of Rule 4(i), in its current form, to the facts of this case will represent the first such application. However, the amendment at issue was "intended to be stylistic only." Advisory Committee Notes, 2007 Amendment, Rule 4. The plaintiffs' argument is therefore without merit, even if we were to analyze this case using the current version of the rules rather than that which was in place at the time of the district court's rulings.

The plaintiffs also argue that the standard of review is de novo because the cure provision in Rule 4(i) is mandatory. That fact does not affect the standard of review. If the district court failed to consider the cure provision, that would qualify as an abuse of discretion. See, e.g., United States v. Hasan, 586 F.3d 161, 168 (2d Cir. 2009) (error of law constitutes, in effect, abuse of discretion).

16

## II. Service of Process under the Federal Rules

Rule 4 of the Federal Rules of Civil Procedure governs the service of process in a civil suit. Because the district court relied upon the pre-2007 incarnation of the rule in the decisions under review, even though, as noted below, the changes were intended as stylistic only, we use that version also in an attempt to avoid confusion. We include a reference to the corresponding current version of each provision discussed for the convenience of the reader.

The district court dismissed the plaintiffs' action pursuant to Rule 4(m). Under Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . . provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (pre-2007 amendment).[8]

In general, the method of serving process on an individual is governed by Rule 4(e), which does not require

---

[8] The current version of Rule 4(m) reads:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m)

17

service on the United States even if the individual is a government employee.  Service on an officer or employee of the United States sued in his or her individual capacity for acts or omissions occurring in connection with his or her performance of duties on behalf of the United States, however, "whether or not the officer or employee is sued also in an official capacity," requires service of process on both the individual being sued and the United States.  Fed. R. Civ. P. 4(i)(2)(B) (pre-2007 amendment).[9]

In order to serve process on the United States, a party must deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, and, of particular importance to this appeal, send a copy of the summons and complaint by registered or certified mail to the Attorney General.  See Fed. R. Civ. P. 4(i)(1)(A-B) (pre- and post-2007 amendment).

The Federal Rules contain a "cure provision" requiring the district court to allow a party who has failed to serve process on the United States but is required to do so a "reasonable time" to cure such a failure.  See Fed. R. Civ. P. 4(i)(3)(B) (pre-2007 amendment) ("The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve . . . the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served

---

[9] This requirement is now provided in Rule 4(i)(3).

an officer or employee of the United States sued in his individual capacity.").[10]

### III. Whether The Plaintiffs Had a Reasonable Time to Cure

The plaintiffs argue that they were not afforded a reasonable time to cure their failure to serve process on the United States.[11]  The crux of their argument is that the district court never "officially determined" that their service of process was "in need of being cured."  Appellants' Br. at 18.  The plaintiffs contend that absent such a determination by the district court, there was nothing to cure.  The extensions of time that were granted to the plaintiffs do not constitute time to cure under the Rule because the extensions followed warnings by the defendants, not the court.

---

[10] The current version of the "cure provision," Rule 4(i)(4), reads, in relevant part: "The court must allow a party a reasonable time to cure its failure to . . . (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee."
Fed. R. Civ. P. 4(i)(4).

[11] The defendants urge us to ignore this argument because the plaintiffs failed to raise it before the district court. There, the plaintiffs argued that Ashcroft's waiver of personal service upon him in his individual capacity sufficed for service of process on the United States.  There is indeed a "general rule that an appellate court will not consider an issue raised for the first time on appeal."  Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994); but see id. ("We will [] sometimes entertain arguments not raised in the trial court if the elements of the claim were fully set forth and there is no need for additional fact finding.").  But this is an unusual case inasmuch as the district court raised, sua sponte, the argument that the defendants ask us to ignore, and discussed it at length.  The argument was thus raised in the district court, albeit not by the plaintiffs.

19

We disagree. Nothing in the language of Rule 4(i)(3)(A) suggests that a defect in the service of process can be identified for purposes of permitting the plaintiff to cure the defect only by the court. The Advisory Committee described the cure provision as requiring that "[a] reasonable time to effect service on the United States must be allowed after the failure is pointed out." Advisory Committee Notes, 2000 Amendment, Rule 4. Had the Committee meant to require that the error be pointed out by the court, it could easily, and surely would, have said so.

Other circuits faced with this issue have concluded that notification to the plaintiff by the defendant, rather than by the court, of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect. See Flory v. United States, 79 F.3d 24, 25 (5th Cir. 1996) (per curiam) ("By raising the defense of defective service well within the expiration of the 120-day period allowed for service . . . the United States allowed plaintiff [] time to cure the defect, which she did not do." (emphasis added)); Tuke v. United States, 76 F.3d 155, 158 (7th Cir. 1996) (concluding that cure provision would not avail a plaintiff who failed to serve the Attorney General after being told twice -- once by defense counsel, and once by an incorrect recipient of the summons and complaint, but neither time by the district court -- that his service of process was defective); see also Hawkins v. Potter, 234 F. App'x 188, 189 n.1 (5th Cir. 2007)

20

(per curiam) ("There is no legal requirement that a district court notify the party regarding an insufficiency of service before deciding a reasonable time to cure has past. . . . [N]otice from [the] other party [is] sufficient.").

We find no authority to the contrary, and reach the same conclusion. Indeed, if we were to accept the plaintiffs' proposed requirement of an "official determination" by the court that service of process was defective before the cure provision was triggered, this would effectively require that a motion to dismiss for failure to serve process be granted only after such a motion had already been made once and denied for the purpose of affording the plaintiff a reasonable time to cure. We do not see why, as a practical matter or in the interests of judicial economy, that should be the case. There is nothing we perceive to be inherently wrong with requiring plaintiffs to adhere to a rule of procedure when their failure to do so has been correctly pointed out by an adversary.

We repeat that the plaintiffs do not argue on appeal that they relied on any implication in the magistrate judge's opinion to the effect that service on the United States under Federal Rule of Civil Procedure 4(i) was not required. The magistrate judge's conclusion that service of process in a <u>Bivens</u> action is governed by Federal Rule of Civil Procedure 4(e) -- a rule that would not require service on the United States -- was incorrect. But because the plaintiffs do not assert that they relied on that conclusion or its implications in failing to

21

effect proper service, we need not decide the significance of the error. In any event, the plaintiffs concede that they attempted to serve process on the United States through service on Ashcroft by first-class mail three days before the extension of time expired. In other words, they plainly knew before the "cure" time had run that they were required to serve the United States. Any claim of reliance on the magistrate judge's misstatement, had it been made before us, likely would have been unpersuasive.

For the foregoing reasons, we conclude that the district court did not abuse its discretion in holding that the plaintiffs were not entitled to any more time to cure their defective service of process on the United States.

IV. Whether Service of Process on the United States Was Waived by Certain Defendants

The plaintiffs argue that dismissal of their Bivens action against those of the defendants who did not raise the defense of improper service of process by motion or pleading was improper, because that defense was thereby waived as to those defendants. We conclude, however, that an individual defendant in a Bivens action is incapable of waiving service on the United States under Federal Rule of Civil Procedure 4(i), and thus incapable of waiving such a defense on its behalf.

In general, a defense of insufficient service of process is waived if the party wishing to assert it fails to do so by means of a 12(b) motion or in a responsive pleading. See Fed. R. Civ. P. 12(h)(1). But it should go without saying that a person without the power to waive cannot effect a waiver. See

22

Zedner v. United States, 547 U.S. 489, 500-01 (2006) (concluding that criminal defendant cannot waive prospective application of Speedy Trial Act because Act protects not only defendant's right to speedy trial, but also "public interest"). The requirement of serving process on the United States in a Bivens action protects interests of the United States separate and apart from those of the individual defendant who may be said to have waived service, intentionally or otherwise. The Advisory Committee has explained in this context: "Service on the United States will help to protect the interest of the individual defendant in securing representation by the United States, and will expedite the process of determining whether the United States will provide representation." Advisory Committee Notes, 2000 Amendment, Rule 4 (emphasis added). Indeed, the government will provide representation for a federal employee in these circumstances only if the Attorney General (or his or her designee) determines "that providing representation would otherwise be in the interest of the United States." 28 C.F.R. § 50.15(a). Service of process on the United States thus protects the interest of the United States in choosing whether to provide representation to an individual defendant. Unless we were to reach the unlikely conclusion that the defendant who does not insist on service by the plaintiff on the Unites States forfeits such representation by the government, that interest is not the defendant's to waive. It was therefore not waived by the defendants here in failing to raise it before the district court.

If in another case the failure of the defendant to raise the issue in its pleadings or on motion served to mislead the plaintiff into failure to complete service, there might be relief available to the plaintiff.  For the foregoing reasons, however, we do not see how a finding of waiver by the United States would be a form of such relief.

V.    Remaining Arguments

The plaintiffs also argue that the district court interpreted the pre-2007 cure provision to require only the allowance of a reasonable time to effectuate service in the first place, rather than to cure a failure of service, whereas the post-2007 version of the cure provision requires the allowance of a reasonable time to cure a defect in the service of process. This argument is without merit even were we to apply the current version of Rule 4.  The old version of the rule, applied by the district court, provided that "the court shall allow a reasonable time to serve process . . . for the purpose of curing the failure to serve." Fed. R. Civ. P. 4(i)(3)(B) (pre-2007 amendment) (emphasis added).  We think it implausible that the district court did not understand that the provision required it to allow the plaintiffs time to cure a failure to serve process.  Plainly, it did.  See Kurzberg I, 2006 WL 2738991, at *6, 2006 U.S. Dist. LEXIS 68680, at *18 (referring to Rule 4(i)(3)(B) as "cure provision").

24

**CONCLUSION**

Serving process on the United States through service by registered or certified mail on the Attorney General might seem, from a practical standpoint, to be nothing more than a formality inasmuch as the Attorney General, who is charged with determining whether the United States will provide representation to individual defendants, was himself an individual defendant in this lawsuit. That does not, however, excuse noncompliance with the Federal Rules of Civil Procedure. The district court did not err in so holding.

For the foregoing reasons, we affirm the judgment of the district court.