10-5244
Arndt v. Napolitano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of September, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> *Circuit Judges.*[*]

_____

JOHN D. ARNDT,

> *Plaintiff-Appellant,*

-v.-                                                                No. 10-5244-cv

JANET NAPOLITANO, SECRETARY OF THE
DEPARTMENT OF HOMELAND SECURITY,[**]

> *Defendant-Appellee.*

_____

---

[*] The third judge originally assigned to the panel was unable to hear the case because of a health issue.  In accordance with our local rules, the two remaining members of the panel, who are in agreement, have decided the case.  *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

[**] Effective January 2009, Janet Napolitano became Secretary of the Department of Homeland Security, succeeding Michael Chertoff.  Under Federal Rule of Appellate Procedure 43(c)(2), Secretary Napolitano is automatically substituted for Secretary Chertoff as defendant in this action.  The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLANT:      Richard H. Wyssling, Law Office of Richard H. Wyssling, Buffalo, NY.

FOR APPELLEE:      Joseph J. Karaszewski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant John D. Arndt, a former employee of the Transportation Security Administration in the United States Department of Homeland Security, sued Defendant-Appellee Michael Chertoff, then Secretary of the Department of Homeland Security, in Secretary Chertoff's official capacity, alleging discrimination on the basis of plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Plaintiff appeals from the October 29, 2010 judgment of the district court, which granted defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process under Federal Rule of Civil Procedure 4(m). We assume the parties' familiarity with the underlying facts, procedural history, and the arguments raised on appeal, which we reference only as necessary to explain our decision.

"We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process." *Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Rule 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). To serve process on a federal employee sued in an official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee." *Id.* 4(i)(2). To serve the United States, a party must "deliver a copy of the complaint to the United States attorney for the district in which the action was brought and also send a copy of the summons and complaint by registered or certified mail to the Attorney General." *Kurzberg v. Ashcroft*, 619 F.3d 176, 178 (2d Cir. 2010); *accord* Fed. R. Civ. P. 4(i)(1)(A)-(B).

Plaintiff, acting through counsel, filed this action on September 26, 2008. On June 15, 2009, several months after the 120-day time period for service of process had expired, the district court entered an order requiring the parties to show cause why the case should not be dismissed for failure to prosecute. In response, on July 1, 2009, plaintiff filed an affidavit of service attesting to service of the complaint and summons on defendant Chertoff.[1] The United States Attorney's Office for the Western District of New York sent plaintiff a letter dated July 8, 2009, advising

---

[1] Also on July 1, 2009, plaintiff moved for an entry of default, which the Clerk entered a week later. Defendant moved to set aside the entry of default on the ground that plaintiff had not properly served defendant insofar as the United States had not been served. On September 29, 2009, the entry of default was set aside on plaintiff's consent.

3

that the summons and complaint had not been served on the United States, as required by Rule 4(i).  On October 19, 2009, defendant filed a motion to dismiss on various grounds, including insufficient service of process on the United States. More than one year later, on October 28, 2010, the district court granted that motion, dismissing the case without prejudice pursuant to Rule 4(m).

Plaintiff concedes that he served neither the U.S. Attorney for the Western District of New York nor the United States Attorney General, despite the more than two years that elapsed between when he filed this action and when the district court granted defendant's motion to dismiss.  Plaintiff further does not contest receipt of the July 2009 letter nor dispute that he was represented by counsel throughout the pendency of this suit and appeal.  Nevertheless, he contends that the district court's decision in October 2010 not to grant him an extension of time to cure these service defects constituted an abuse of discretion.  Plaintiff advances several arguments in support of this contention.

First, plaintiff maintains that he reasonably believed that service on the United States was not required because the U.S. Attorney for the Western District of New York had actual knowledge of the suit and the Department of Homeland Security was "served appropriately." Appellant's Br. at 10.  But the plain language of Rule 4 makes clear that serving the United States as provided is mandatory when suing federal officials in their official capacities.  *See* Fed. R. Civ. P. 4(i)(2) ("To serve a . . . United States officer or employee sued only in an official capacity, a

4

party *must* serve the United States . . . ." (emphasis added)).  Moreover, plaintiff does not contend—nor does the record reflect—that the Attorney General had any knowledge of this action that might be alleged to cure the service defect.  As noted above, formal service on both the U.S. Attorney and the Attorney General is required by Rule 4.

Second, in tension with his first argument, plaintiff urges that he has shown "good cause" for the service defects because he believed his process server had served the United States.  Even accepting that plaintiff held this belief at some point after filing this action, it is undisputed that he knew as of July 2009, when the U.S. Attorney's Office wrote him on this point, that no such service had been made.  Indeed, the affidavit of service he submitted in response to the district court's order to show cause reflected service of defendant Chertoff alone, and the U.S. Attorney's Office gave plaintiff written notice on multiple occasions between July and October 2009 that the United States had not been—and needed to be—served.[2]  *See Kurzberg*, 619 F.3d at 185 (concluding that "notification to the plaintiff by the defendant, rather than by the court, of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect").  Despite the notice he repeatedly received, plaintiff did not move for an extension of time to serve the United States until July 2010,

---

[2]  The U.S. Attorney's Office advised plaintiff of the service defects in its July 8, 2009 letter, its July 23, 2009 affidavit in support of defendant's motion to set aside the entry of default, and its October 19, 2009 affidavit in support of defendant's motion to dismiss for, *inter alia*, insufficient service of process.

5

twenty-two months after initiating this suit. Because plaintiff has not provided any cognizable excuse for his inaction and delay after the failure was pointed out to him as early as July 2009, we reject his claim that the district court abused its discretion in not extending his time to effect service on the United States. *See Zapata*, 502 F.3d at 199.

Third, plaintiff asserts that the district court labored under the misimpression that in the absence of "good cause," it had no discretion to grant plaintiff an extension of time to serve the United States. *See id.* at 196 (holding that "district courts have discretion to grant extensions even in the absence of good cause"). We disagree. The district court's opinion reflects no such misimpression. The court simply chose not to exercise its discretion in light of plaintiff's persistent and acknowledged failure to cure the service defects. *See Arndt v. Napolitano*, No. 08-CV-721A, slip op. at 7 (W.D.N.Y. Oct. 28, 2010) ("In the absence of any good cause from plaintiff as to why this case is already over two years old with service issues still lingering, the Court will not provide any more opportunities to correct procedural defects in this case.").

Fourth, plaintiff contends that the district court erred in failing to consider the impact that a dismissal would have on the parties. *See Zapata*, 502 F.3d at 197. This contention is without merit. The district court explicitly recognized that although it was dismissing the action without prejudice, the "dismissal may essentially be with prejudice because the relevant limitations period may have

6

expired." *Arndt*, slip op. at 7. The court concluded, however, that "plaintiff's failure to effect proper service long after both a general warning from the Court and the filing of the pending motion outweighs the likely practical consequences of a dismissal under [Rules] 12(b)(5) and 4(m)." *Id.* The district court was entitled to reach, and act on, this conclusion.

On these facts, we find no abuse of discretion in the district court's dismissal of this action for insufficient service of process. We have considered plaintiff's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk