12-2716-cv(L)
*Almonte v. Suffolk County, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand thirteen.

PRESENT:

      JOSÉ A. CABRANES,
      CHESTER J. STRAUB,
      SUSAN L. CARNEY,
              *Circuit Judges.*

_____

LUIS ALMONTE, individually and as Administrator
of the ESTATE OF MARCELO LUCERO A/K/A OSWALDO LUCERO,

      *Plaintiff-Appellant,*

           v.                                    Nos. 12-2716-cv(L);
                                                      12-3520-cv(CON)

SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT,
UNKNOWN POLICE OFFICERS 1 THROUGH 10,

      *Defendants-Appellees,*

TOWN OF BROOKHAVEN, TOWN OF BROOKHAVEN DEPARTMENT
OF PUBLIC SAFETY, VILLAGE OF PATCHOGUE, AND VILLAGE OF
PATCHOGUE OFFICE OF PUBLIC SAFETY AND CODE ENFORCEMENT,

      *Defendants.*[1]

_____

---

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

**FOR PLAINTIFF-APPELLANT:** FREDERICK K. BREWINGTON, Law Offices of Frederick K. Brewington, Hempstead, NY.

**FOR DEFENDANTS-APPELLEES:** CHRISTOPHER A. JEFFREYS, Assistant County Attorney, *for* Paul J. Margiotta, Acting Suffolk County Attorney, County of Suffolk, Hauppauge, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's June 18, 2012 judgment is **AFFIRMED**.

## BACKGROUND

On November 22, 2010, plaintiff-appellant Luis Almonte brought the underlying 42 U.S.C. § 1983 action individually and in his capacity as the administrator of Marcelo Lucero's estate against Suffolk County, the Suffolk County Police Department, and Unknown Police Officers 1 through 10 (jointly, "Suffolk"), as well other municipal entities. Almonte's claims are based on the fact that Lucero, a Hispanic man, was killed when he was attacked and stabbed by a group of white teenagers while walking in the Village of Patchogue on November 8, 2008. Simply put, Almonte alleged that Suffolk and the other municipal defendants had knowledge of and were indifferent "to the obvious racial tension between whites and Hispanics in the Patchogue area," and that this indifference led to Lucero's injuries and eventual death. Special App'x 4. In particular, Almonte's § 1983 claim alleged a violation of Lucero's substantive due process liberty interest as guaranteed by the Fourteenth Amendment, and his state law claim was based on purported negligent hiring and training of police officers.

On July 22, 2011, all defendants—except Suffolk—filed motions to dismiss Almonte's complaint for failure to state a claim upon which relief could be granted. The District Court granted those motions on November 2, 2011, relying in large part on the Supreme Court's decision in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989), which held that subject to two narrow exceptions, the Fourteenth Amendment does not require the State "to protect the life, liberty, and property of its citizens against invasion by private actors."[2] *Almonte v. Suffolk Cnty.*, No. 10-CV-5398 (LDW), 2011 WL 5245260, at *3 (E.D.N.Y. Nov. 2, 2011) (internal quotation marks omitted). A month later, the District Court denied Almonte's motion to re-plead with respect to the dismissed defendants, and in doing so, the District Court noted that

---

[2] Almonte does not challenge this holding on appeal.

2

[p]laintiff's counsel's letter does not specify as to whether leave to re-plead is sought with respect to [Suffolk]. In the event that such leave is sought, Plaintiff's counsel is directed to contact counsel for [Suffolk] to ascertain whether the parties can agree to service of an amended complaint. . . . In the event that no such agreement is reached, Plaintiff's counsel may file a letter seeking leave to move to amend.

Special App'x 15.

The ensuing conversations between the parties demonstrated that a disagreement existed regarding whether Suffolk had ever been served properly. In light of this disagreement, the District Court ordered an evidentiary hearing to determine whether Suffolk had received service of process. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am.*, 301 F.3d 54, 57 (2d Cir. 2002) ("A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing.").

Proceedings continued, on consent of the parties, before Magistrate Judge Gary R. Brown. On May 16, 2012, after conducting the evidentiary hearing, Magistrate Judge Brown issued a Report and Recommendation ("R&R"), which concluded that Suffolk had not been properly served. Almonte did not file any objections to the R&R and, on June 11, 2012, the District Court adopted the R&R in its entirety and directed the Clerk of Court to close the case as no defendants remained. *Almonte v. Suffolk Cnty.*, No. 10-CV-5398 (LDW), 2012 WL 2357369, at *1 (E.D.N.Y. June 11, 2012).

Three days later, and four days before the Clerk of Court entered judgment in favor of Suffolk, Almonte sent the District Court a letter, asking it "to re-open this matter, and for an order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, enlarging the time in which to serve [Suffolk]." Special App'x 33. Then, on July 6, 2012—after judgment was entered but before the District Court had responded to the letter motion—Almonte appealed the District Court's June 11, 2012 decision that dismissed the case as well as "the District Court's refusal to address Plaintiff['s] application for an enlargement of time to effect service . . . [and] [its] decision to close the case . . . without addressing Plaintiff's application to enlarge time to serve [Suffolk] . . . ."[3] Joint App'x 306.

On August 21, 2012, the District Court denied Almonte's letter motion for an enlargement of time to effectuate service of process. In doing so, the District Court noted that

[Almonte's] counsel was aware of at least the possibility that service may not have been effectuated against [Suffolk], at the latest, six months prior to the [evidentiary] hearing before the Magistrate Judge. [Almonte's] counsel was specifically advised of [Suffolk's] position in December of 2011. Despite this knowledge, [Almonte] made

---

[3] Although Almonte's notice of appeal purported to appeal "various 'Memorandum [sic] and Order(s) entered by the District Court on 11/02/2011," Almonte concedes in his brief that he is not challenging the District Court's dismissal of the other municipal defendants. *See* note 2, *ante.*

3

no request for the relief now sought, and, indeed, never even objected to the R&R before this court ordered entry of judgment dismissing the case.

Special App'x 35. Almonte then filed a second notice of appeal, specifically challenging the District Court's August 21, 2012 order. Joint App'x 307.

## DISCUSSION

"We review for an abuse of discretion a district court's Rule 4(m) dismissal for failure to serve process." *Zapata v. City of N.Y.*, 502 F.3d 192, 195 (2d Cir. 2007); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)). Rule 4 provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

At the outset, we note that Almonte did not file any timely objections to the R&R filed by Magistrate Judge Brown. *See Almonte*, 2012 WL 2357369, at *1. Accordingly, he has waived any argument with regard to the finding that proper service was not effectuated. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.").

To the extent that Almonte's appeal raises an issue that is not foreclosed by his waiver, we find no "abuse of discretion" in the District Court's denial of Almonte's letter motion for an enlargement of time to effectuate service of process. Almonte's central assertion is that he has shown good cause for the lack of proper service, arguing that it was simply a mistake by the process server. But the record is clear that Almonte knew, by December 2011 at the latest, that service of process was a disputed issue, and Magistrate Judge Brown concluded that service was improper in May 2012. *See Kurzberg v. Ashcroft*, 619 F.3d 176, 185 (2d Cir. 2010) (stating that "notification to the plaintiff by the defendant . . . of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect"). Nonetheless, Almonte did not object to the R&R and did not seek an extension of time to serve Suffolk until after the case had been dismissed. As the District Court noted, "[i]t was only [after failing to object to the

4

Magistrate Judge's R&R], [and] nearly one year after [the] expiration of the statute of limitations, that counsel sought an extension of time in which to serve [Suffolk]." Special App'x 35.

Accordingly, inasmuch as Almonte has not provided a reasonable excuse for his inaction and delay in filing for an enlargement of time to effectuate service of process, we conclude that the District Court did not err, much less "abuse its discretion," in denying his Rule 4(m) motion.[4] *See Zapata*, 502 F.3d at 199.

## CONCLUSION

We have considered all of Almonte's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's June 18, 2012 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] We agree with Suffolk that the lack of proper service renders moot Almonte's arguments regarding the District Court's denial of its motion to re-plead.