21-1521-cv
Evans v. U.S. Dep't of Ed.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-two.

PRESENT:  GUIDO CALABRESI,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges*.

-----------------------------------------------------------------

AKUSIA EVANS,

     *Plaintiff-Appellant*,

     v.                                          No. 21-1521-cv

UNITED STATES DEPARTMENT OF EDUCATION,

     *Defendant-Appellee*.

-----------------------------------------------------------------

| FOR PLAINTIFF-APPELLANT: | Akusia Evans, pro se, New York, NY |
|---|---|
| FOR DEFENDANT-APPELLEE: | Benjamin H. Torrance, Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY[1] |

Appeal from an order of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Akusia Evans, proceeding pro se, filed this lawsuit against the United States Department of Education ("DOE") under 42 U.S.C. § 1983 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to dispute her student loan debt and recover certain "income tax refunds." D. Ct. Dkt. No. 1 at 8. On May 14, 2021, the District Court (Swain, C.J.) dismissed her suit without prejudice under Federal Rule of Civil Procedure 4(m) for failure to effect timely and proper service. Evans now appeals. We assume the parties' familiarity with the

---

[1] Counsel for Defendant-Appellee appeared for the limited purpose of complying with this Court's Local Rule 12.3, but has otherwise declined to participate in the appeal. See ECF No. 11.

underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

If a defendant is not served within 90 days after a complaint is filed, Rule 4(m) provides that "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "We review a district court's dismissal for failure to timely serve process under [Rule] 4(m) for abuse of discretion." Gerena v. Korb, 617 F.3d 197, 201 (2d Cir. 2010). "In the Rule 4(m) context, a district court abuses its discretion when . . . it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service." Meilleur v. Strong, 682 F.3d 56, 61 (2d Cir. 2012).

Where, as here, a plaintiff sues a federal agency, she is required to "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). Serving the United States, in turn, requires "deliver[ing] a copy of the complaint to the United States attorney for the district in which the action was brought and also

send[ing] a copy of the summons and complaint by registered or certified mail to the Attorney General." Kurzberg v. Ashcroft, 619 F.3d 176, 178 (2d Cir. 2010); see Fed. R. Civ. P. 4(i)(1)(A)–(B).

On October 6, 2020, nearly a year after Evans filed her complaint, the District Court issued an order denying Evans's motion for the entry of a default judgment because she had failed to serve the United States. The District Court explained what service on the United States would entail and gave Evans an extra two and a half months to complete it. The District Court then twice extended Evans's time to complete service. In granting the final extension, on March 18, 2021, the District Court noted Evans's pro se status and encouraged her to contact the New York Legal Assistance Group "[t]o the extent [she] desire[d] assistance." App'x 21. The District Court also warned Evans that if she failed to "file proof of proper and complete service upon Defendant by April 30, 2021," it would dismiss the case. Id. On May 14, 2021, having received nothing further from Evans, the District Court dismissed the lawsuit without prejudice.

We commend Chief Judge Swain for her solicitude and conclude that the eventual decision to dismiss Evans's lawsuit without prejudice fell well within

the District Court's discretion. The District Court was correct as a matter of law that Evans did not effect proper service, because Evans never served a copy of the summons and complaint on the United States Attorney for the Southern District of New York as required by Rule 4(i)(1)(A). Before dismissing the suit, the District Court informed Evans that her service was deficient, granted several extensions of time for her to complete service properly, and provided notice and an opportunity for her to show good cause for her failure to effect timely service, which she did not do. Nothing further was required. In addition, "we generally will not reverse a district court's dismissal of an action for lack of service unless the appellant can advance some colorable excuse for neglect," Meilleur, 682 F.3d at 61 (quotation marks omitted), which Evans has not done in her brief on appeal.

We have considered Evans's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5